UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

NEW YORK YANKEES PARTNERSHIP; and
LEGENDS HOSPITALITY, LLC

    *Petitioner*

        v.

WILLIAM MILLER
    *Respondent.*
_____

Civil Action No.: 1:20-cv-5953

## **PETITIONER NEW YORK YANKEES PARTNERSHIP's and LEGENDS HOSPITALITY, LLC's MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION TO CONFIRM ARBITRATION AWARD**

THE LAW OFFICE OF
JOHN P TOUHEY, PLLC

John P. Touhey, Esq.
Attorney for Petitioner
10 Lafayette Square, #1602
Buffalo, New York 14203
(716) 427-8770
*John.touhey@touheylaw.com*

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Table of Authorities…………………………………………………………………… | 3 |
| II. | Preliminary Statement……...………………………………………………………… | 4 |
| III. | Statement of Facts……………..…………………………………………………..…….. | 4 |
| IV. | Legal Argument……………………………………………………………….…… | 6 |
| V. | Conclusion……………………………………………………………….…….... | 7 |

# TABLE OF AUTHORITIES

**Cases** **Pages**

*Citigroup, Inc. v. Abu Dhabi Inv. Auth.,*
776 F.3d 126, 132 (2d Cir. 2015)………………………………………………………..6

*D.H Blair & Co. Inc. v. Gottdiener,*
492 F. 3d 95, 110 (2d Cir. 2006)………………………………………………………...6

**Statutes**

Federal Arbitration Act 9 U.S.C. § 9 …………………………………………………….6

## I. Preliminary Statement

The New York Yankees Partnership and Legends Hospitality, LLC (the "Petitioner"), by and through the undersigned counsel, and in accordance with Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, respectfully submits this Memorandum of Law in Support of its petition which seeks: 1) an Order confirming the July 29, 2020 Arbitration Award granted by arbitrator Jay G. Safer (the "Arbitrator") in favor of Petitioner and against Respondent; and 2) an Order entering judgment thereon for the full sum of the Award which is $392,279.25 (Three Hundred Ninety Two Thousand Two Hundred Seventy Nine and 25/100 Dollars).

This action arises from Respondent's breach of agreements which resulted in money damages sustained by Petitioner. The Parties entered into a Settlement Agreement dated May 26, 2020 and pursuant to that agreement an Arbitration Award by consent was granted by the Arbitrator on May 26, 2020. The Arbitration Award was subsequently modified by consent of both Parties on July 29, 2020. The Arbitration Award has not been modified, vacated or corrected by a court with jurisdiction and remains in full force and effect. Petitioner timely brings this Petition to Confirm the Arbitration Award within one year of the date the Award was granted.

Based upon the foregoing, the Arbitration Award should be confirmed by this Court and judgment should be entered thereon.

## II. Statement of Facts

Petitioner and Respondent entered into a Legends Suite License Agreement, Legends Suite Ticket Agreement and a Legends Suite Food and Beverage Agreement all dated March 3, 2017 (the "2017 Agreements"), for Yankees season tickets, food benefits and services. Subsequent addenda to each of the 2017 Agreements were executed on December 26, 2017 (the "2017 Addenda). Pursuant to the 2017 Addenda, Respondent agreed to extend the Term of the 2017

4

Agreements to a ten (10) year term set to expire on December 31, 2027 for six (6) Seating Locations designated as Section 014B, Row 1, Seats 1, 2, 3, 4, 5 and 6.

The 2017 Agreements and the 2017 Addenda shall be referred to hereinafter as simply, the Agreements.

Following the execution of the Agreements and payment for License Year 1, Respondent failed to make timely payment for the Second License Year, which was the 2019 season. The Partnership and Legends have not received any of the annual license fees, ticket fees or food and beverage fees, which total for the Second License Year THREE HUNDRED SEVENTY EIGHT THOUSAND ONE HUNDRED EIGHT and 00/100 Dollars ($378,108.00) as agreed upon by Petitioner and Respondent and therefore, Respondent defaulted on the Agreements.

A Demand for Arbitration was filed by the Petitioner on November 22, 2019 and Case Number 01-19-0004-1527 was assigned on or around November 25, 2019 demanding an award for annual license fees, ticket fees and food and beverage fees as well as reasonable costs, interest and attorneys' fees due under the Agreements.

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association, Expedited Procedures effective October 1, 2013, and in accordance with the arbitration agreement entered into between the Parties and as set forth in the Agreements, Jay G. Safer was designated as arbitrator. John P. Touhey, Esq. appeared on behalf of Petitioner. William Miller appeared on behalf of himself.

On May 26, 2020, the Parties entered into a Settlement Agreement whereby the Parties agreed and consented that the arbitration shall fully and finally resolve in favor of Petitioner and against Respondent for annual fees due for the 2019 season as well as the 2020 season among other

fees and costs as agreed upon as well as other consideration and obligations of Respondent. An Award of Arbitrator was then entered on May 26, 2020.

Due to the world pandemic, COVID-19, and once again upon agreement and consent of the Parties, the May 26, 2020 Award was modified downward to remove payments owed for the 2020 season and a new Award was entered in favor of Petitioner and against Respondent by Arbitrator Safer on July 29, 2020, in the total amount of $392,279.25. This figure included the $378,108 fees past due for the 2019 Season only among other fees and costs as agreed upon.

### III.    Legal Argument

Typically, confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.,* 776 F.3d 126, 132 (2d Cir. 2015). The Court "must grant [a request to confirm a decision] unless the award is vacated, modified, or corrected." *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006) (quoting 9 U.S.C. § 9) (internal quotation marks omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (internal quotation marks omitted). A "barely colorable" justification for the arbitrator's decision is sufficient to meet that standard. *Id.*

In the present case, the facts established by Petitioner clearly and unequivocally support the Arbitrator's decision to grant an Arbitration Award in favor of Petitioner and against Respondent because Respondent defaulted on the Agreements, Petitioner sustained monetary damages as a result and both Parties consented to the Award. Furthermore, the Award has not been vacated, modified, corrected or challenged by Respondent. Therefore, it is respectfully submitted that the Court should defer to the Arbitrator and the Parties, confirm their Arbitration

Award and order judgment on the Award in favor of Petitioner and against Respondent for the sum of $392,279.25 (Three Hundred Ninety Two Thousand Two Hundred Seventy Nine and 25/100 Dollars).

## IV.     Conclusion

For the foregoing reasons, Petitioner New York Yankees Partnership and Legends Hospitality, LLC respectfully requests that the Court confirm the Arbitration Award and enter judgment on said Award in favor of Petitioner and against Respondent.

Dated: Buffalo, New York
July 30, 2020

THE LAW OFFICE OF
JOHN P TOUHEY, PLLC

*/s/:  John P. Touhey*_____
John P. Touhey
Attorney for Petitioner
10 Lafayette Square, #1602
Buffalo, New York 14203
(716) 427-8770
*John.touhey@touheylaw.com*